February 10, 2017

<u>VIA ECF</u>

Honorable William H. Pauley III
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *In re: Clobetasol Antitrust Litigation*, No. 16-mc-7229
                *In re: Desonide Antitrust Litigation*, No. 16-mc-7987
                *In re: Fluocinonide Antitrust Litigation*, No. 16-mc-8911

Dear Judge Pauley:

      Defendants write to request (1) a pre-motion conference on a motion to stay discovery pending resolution of the forthcoming motions to dismiss, and (2) an interim stay of discovery pending adjudication of the stay motion, as Defendants otherwise have discovery responses due on February 23, 2017, less than two weeks after Plaintiffs file their consolidated amended complaints and before the parties appear concerning Defendants' arguments to be made in motions to dismiss. Counsel for all parties have met and conferred on these issues, and Plaintiffs oppose both of Defendants' requests.

      It is well settled that "[d]istrict courts have discretion to stay discovery for 'good cause' pending resolution of a motion to dismiss." *In re Currency Conversion Fee Antitrust Litig.*, No. MDL-1409 (WHP), 2002 WL 88278, *1 (S.D.N.Y. Jan. 22, 2002); *see* Fed. R. Civ. P. 26(c). As Your Honor recently explained, in "determining whether good cause exists, courts consider (1) whether the motion to dismiss appears to have substantial grounds; (2) the breadth of discovery and its burden on the party seeking the stay; and (3) unfair prejudice to the party opposing the stay." *In re Platinum and Palladium Commodities Litig.*, No. 10-cv-3617 (WHP) (S.D.N.Y.), ECF No. 59. As discussed below, all three of those factors favor a stay here.

      Moreover, courts in this District routinely stay discovery pending resolution of motions to dismiss in antitrust cases like these. By way of just one example, Judge Patterson stayed discovery in a horizontal conspiracy case even though he could not "predict the outcome of the pending motion to dismiss" with certainty—reasoning that a stay was proper because the motion to dismiss at least had a legal foundation and the stay would avoid "costly and time-consuming discovery." *Integrated Sys. & Power, Inc.* v. *Honeywell Int'l, Inc.*, 2009 WL 2777076, *1 (S.D.N.Y. Sept. 1, 2009). Similarly, mindful of the Supreme Court's warning that "the threat of discovery expense will push cost-conscious defendants to settle even anemic cases," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560 (2007), at least seven other Judges in this District have recently granted stays in similar situations. *See In re Commodity Exchange, Inc., Gold Futures & Options Trading Litig.*, No. 14-md-2548 (S.D.N.Y.), ECF Nos. 12, 22 (Judge Caproni staying discovery in gold price fixing litigation); *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11-md-2262 (S.D.N.Y.), ECF No. 282 at 4-5, ECF No. 698 (Judge Buchwald in U.S. Dollar Libor litigation); *7 West 57th Street Realty Co.* v. *Citigroup, Inc.*, No. 13-cv-0981 (S.D.N.Y.),

ECF No. 107 (Judge Gardephe in U.S. Dollar Libor litigation); *Laydon* v. *Mizuho Bank, Ltd.*, No. 12-cv-3419 (S.D.N.Y.), ECF No. 362 (Judge Daniels in Yen Libor and Euroyen Tibor litigation); *In re Foreign Exchange Benchmark Rates Antitrust Litig.*, No. 13-cv-7789 (S.D.N.Y.), ECF No. 152 at 23 (Judge Schofield in foreign exchange benchmark rates litigation); *In re Credit Default Swaps Antitrust Litig.*, No. 13-md-2476 (S.D.N.Y.), ECF No. 244 at 52-53, ECF No. 284 (Judge Cote in credit default swap litigation); *In re North Sea Brent Crude Oil Futures Litig.*, No. 13-md-2475 (S.D.N.Y.) ECF No. 123 (Judge Carter in oil futures litigation). The same result is warranted here.

(a)     Defendants' Motion to Dismiss Is Not Without Foundation In Law

This Court need not actually "predict the outcome of the motion to dismiss" in order to grant a discovery stay. *Spencer Trask Software and Info. Serv., LLC* v. *RPost Intern. Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). Rather, the Court may stay discovery pending Defendants' motion to dismiss so long as the motion "appear[s] to have substantial grounds or, stated another way, do[es] not appear to be without foundation in law." *In re Currency Conversion Fee Antitrust Litig.*, 2002 WL 88278, *1 (alterations in original) (quoting *Chrysler Capital Corp. v. Century Power Corp.*, 137 F.R.D. 209, 209-10 (S.D.N.Y. 1991)).

Defendants' forthcoming motions plainly have a sufficient foundation in law—Plaintiffs have failed to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b). The gravamen of the pre-consolidation complaints is that Defendants allegedly entered into separate agreements to restrain trade for each of clobetasol, desonide, and fluocinonide in violation of antitrust laws. Yet the complaints contain no direct or plausible circumstantial evidence of such an agreement, which is the *sine qua non* of a Sherman Act Section 1 claim and its state law equivalents. Plaintiffs' allegations rely on purportedly parallel price increases, but, even if such increases did occur, conscious parallelism alone is not illegal. *See Ross v. Am. Exp. Co.*, 35 F. Supp. 3d 407, 444 (S.D.N.Y. 2014) (Pauley, J.) ("conscious parallelism, a process through which firms in a highly concentrated market may be able to achieve cartel-like results simply by observing and following each other's market behavior, is not in itself unlawful."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561 n.7 (2007) (same). Plaintiffs seek to bolster their allegations by claiming that Defendants attended two trade association conferences in 2014 which allegedly "provided Defendants with opportunities to collude." Complaint at ¶ 55, *Sergeants Benevolent Assoc. Health & Welfare Fund v. Fougera Pharma., Inc.*, et al., No. 1:16-cv-07229-WHP (S.D.N.Y.), ECF No. 1. But, as the Second Circuit has held, the "mere opportunity to conspire does not by itself support the inference that such an illegal combination actually occurred." *Maric v. St. Agens Hosp. Corp.*, 65 F. 3d 310, 313 (2d Cir. 1995); *see also Ross*, 35 F. Supp. 3d at 444 ("While meetings among competitors undoubtedly provide opportunities to conspire, deeming those opportunities as proof of a conspiracy would condemn independent professional associations."). In short, because the complaints offer little more than allegations of parallel price increases and mere attendance at trade association meetings, Defendants' *Twombly*-based argument has more than the requisite foundation in law to justify a stay of discovery.

(b)     Plaintiffs' Proposed Discovery Will Unduly Burden Defendants

Discovery in complex antitrust class actions such as this is known to be particularly burdensome and potentially vexatious. *Twombly*, 50 U.S. at 558. As such, "the breadth of

2

discovery sought and the burden of responding to it" here further warrants a stay pending motions to dismiss. *Spencer*, 206 F.R.D. at 368. Plaintiffs already have served on each Defendant 48 documents requests, which extend to all aspects of Defendants' businesses and seek documents dating back more than 10 years. To take just a few examples, Plaintiffs seek all calendars, appointment books, trip and travel logs, expense vouchers, telephone logs, and Rolodex card files for every employee that had any responsibility for recommending, reviewing, setting, or approving prices or bids for the drugs at issue (Request No. 12); all documents relating to termination, retirement, discipline, reassignment, or transfer of all such employees (No. 44); all documents relating to contemplated or actual changes in the price for the drugs (No. 20); and all documents relating to the costs of manufacturing and selling the drugs, broken into 22 categories (No. 32). In addition, Plaintiffs have already declared in the proposed 26(f) Report that they intend to seek 350 hours of depositions with seemingly no limit as to how many depositions could be used per Defendant family.

(c)   <u>Plaintiffs Will Suffer No Unfair Prejudice From A Stay</u>

In sharp contrast to the burden that discovery would impose on Defendants, Plaintiffs cannot demonstrate any actual prejudice flowing from a stay. While it is true that a stay will delay Plaintiffs' ability to get the discovery they seek, it is also true that a stay that "will likely delay the commencement of discovery for only a few months … will … not prejudice the Plaintiff to any degree." *Integrated Sys. & Power*, 2009 WL 2777076, at *1. The delay here will be short-lived. Under Master Case Order No. 1, *see In re Topical Corticosteroid Antitrust Litig.*, 16-mc-7000, ECF No. 30, Plaintiffs must file their amended consolidated complaints by February 10; Defendants must file letter requests for a pre-motion to dismiss conference by March 3; and this Court will conduct a conference on March 21—less than a month and a half after the consolidated complaints are filed. Assuming the post-conference schedule for filing and responding to the motions to dismiss moves at a similar pace, the motions to dismiss should be resolved without undue delay or any prejudice to Plaintiffs. *Integrated Sys. & Power*, 2009 WL 2777076, at *1. Likewise, this is not case where there is any risk that evidence will be lost during the motion to dismiss briefing, as all Defendants have long since instituted appropriate litigation holds to preserve such materials.

Plaintiffs no doubt would like to engage in discovery in the hopes of finding evidence that might rebut the motions to dismiss, but that is not a proper purpose for discovery. To the contrary, "discovery is authorized solely for parties to develop the facts in a lawsuit in which a plaintiff has stated a legally cognizable claim, not in order to permit a plaintiff to find out whether he has such a claim." *Podany v. Robertson Stephens, Inc.*, 350 F. Supp. 2d 375, 378 (S.D.N.Y. 2004); *see also In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 11-md-2262, ECF No. 282 at 4 ("It's black letter law that lawsuits are not to be filed in search of lawsuits."). In other words, Plaintiffs cannot claim that they are being "prejudiced" by this Court's refusal to permit a fishing expedition before their operative complaints are tested under the gate-keeping standards of Rule 12.

*       *       *

Accordingly, Defendants respectfully request a pre-motion conference on the motion to stay discovery, and a temporary stay of discovery in the interim.

Respectfully submitted on behalf of the undersigned:

ARNOLD & PORTER
KAYE SCHOLER LLP

By: /s/ Laura S. Shores
Laura S. Shores
901 Fifteenth Street, NW
Washington, DC 20005
Tel.: (202) 682-3577
Fax: (202) 682-3580
laura.shores@kayescholer.com

*Attorneys for Fougera Pharmaceuticals Inc. and Sandoz Inc.*

MORGAN, LEWIS & BOCKIUS LLP

By: /s/ Scott A. Stempel
Scott A. Stempel
1111 Pennsylvania Avenue, NW
Washington, DC 20004-2541
Tel.: (202) 739-5211
Fax: (202) 739-3001
scott.stempel@morganlewis.com

*Attorneys for Perrigo Company PLC and Perrigo New York, Inc.*

KIRKLAND & ELLIS LLP

By: /s/ Joseph Serino, Jr.
Joseph Serino, Jr.
601 Lexington Avenue
New York, NY 10022
Tel.: (212) 446-4800
Fax: (212) 446-4900
jserino@kirkland.com

*Attorneys for Akorn, Inc. and Hi-Tech Pharmacal Co., Inc.*

VENABLE LLP

By: /s/ Lisa Jose Fales
Lisa Jose Fales
575 7th Street, NW
Washington, DC 20004
Tel.: (202) 344-4000
Fax: (202) 344-8300
ljfales@venable.com

*Attorneys for Taro Pharmaceuticals USA, Inc. and Taro Pharmaceutical Industries Ltd.*

KELLEY DRYE & WARREN LLP

By: /s/ Damon William Suden
Damon William Suden
101 Park Avenue
New York, NY 10178
Tel.: (212) 808-7771
Fax: (212) 808-7897
dsuden@kelleydrye.com

*Attorneys for Wockhardt USA LLC and Morton Grove Pharmaceuticals, Inc.*

GOODWIN PROCTER LLP

By: /s/ Christopher T. Holding
Christopher T. Holding
100 Northern Avenue
Boston, MA 02210
Tel.: (617) 570-1679
Fax: (617) 523-1231
cholding@goodwinlaw.com

*Attorneys for Actavis Holdco U.S., Inc. and Teva Pharmaceuticals USA, Inc.*