February 17, 2017

**FILED VIA ECF**

Honorable William H. Pauley, III
United States District Judge
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

>   Re:   *In re: Topical Corticosteroid Antitrust Litigation*, No. 16-mc-7000
>         *In re: Clobetasol Antitrust Litigation*, No. 16-mc-7229
>         *In re: Desonide Antitrust Litigation*, No. 16-mc-7987
>         *In re: Fluocinonide Antitrust Litigation*, No. 16-mc-8911

Dear Judge Pauley:

We write on behalf of End Payor and Direct Purchaser Plaintiffs in response to defendants' February 10, 2017 letter requesting a pre-motion conference on their motion to stay discovery.  ECF 33.[1]

Defendants wish to move for a discovery stay pending the resolution of motions to dismiss that have not yet been filed.  Plaintiffs oppose the request and suggest instead that document and written discovery proceed, but that the parties defer deposition discovery until further order of the Court.  Plaintiffs' counsel have conferred with the U.S. Department of Justice, which has intervened in these actions (ECF No. 26), and we are authorized to represent that the DOJ has no objection to defendants' production of documents responsive to the requests plaintiffs have served to date.

This Court has previously determined that "imposition of a stay is not appropriate simply on the basis that a motion to dismiss has been filed, as the Federal Rules make no such provisions." *In re Currency Conversion Fee Antitrust Litig.*, No. MDL 1409, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002).  Rule 26(c) requires that a party seeking a stay carry its burden of showing good cause.  *Id.*  "[C]ourts have discretion to stay discovery for 'good cause' pending resolution of a motion to dismiss," and consider three factors in determining whether a stay is justified: (1) whether "the motion appears to have substantial grounds; . . . (2) the breadth of discovery and the burden of responding to it; (3) . . . the unfair prejudice to the party opposing the stay." *Id.* (citations omitted). None of these factors favors a discovery stay here.

1.  ***Defendants have not met their burden of establishing substantial grounds for dismissal of plaintiffs' claims.***

Defendants are unable to sustain their burden of showing their motions will provide "substantial grounds" for dismissing plaintiffs' complaints, *In re Currency Conversion,* 2002 WL 88278, at *1, nor do they make a "strong showing that [plaintiffs'] claim is unmeritorious." *Guiffre v. Maxwell*, No. 15 Civ. 7433 (RWS), 2016 WL 254932, at *1 (S.D.N.Y. Jan. 20, 2016) (citations omitted).  Defendants' letter—which they served hours before they received plaintiffs' amended complaints —provides "in only skeletal form the grounds on which they intend to

---

[1] "ECF ##" refers to the docket in *In re: Clobetasol Antitrust Litigation,* 16-mc-7229-WHP.

move to dismiss." *In re Currency Conversion,* 2002 WL 88278, at *1. Defendants assert that plaintiffs' horizontal price fixing allegations are insufficient as a matter of law because plaintiffs have alleged nothing more than parallel price increases and attendance at trade association meetings. Defs' ltr. at 2. But Defendants have not fairly characterized plaintiffs' complaints.

The Second Circuit has held an agreement to fix prices "may be inferred on the basis of conscious parallelism, when such interdependent conduct is accompanied by circumstantial evidence and plus factors." *Mayor & City Council of Baltimore, Md. v. Citigroup, Inc.*, 709 F.3d 129, 136 (2d Cir. 2013) (internal citations omitted). Defendants address only plaintiffs' allegations of parallel price increases and attendance at trade association meetings. Plaintiffs have also alleged that defendants' substantial price increases were a departure from years of stable prices,[2] that the price increases cannot be explained by material increases in cost or demand, or supply disruptions,[3] that the market for each drug was highly concentrated and conducive to collusion,[4] that the drugs at issue are commodity products differentiated only on price—such that independent price increases would not have been in any defendant's self-interest absent a price-fixing agreement,[5] and that defendants' price increases were closely correlated in time with the specific trade association meetings that defendants' representatives attended.[6]

Plaintiffs' allegations of an anticompetitive conspiracy are therefore more than plausible. Defendants may proffer alternative explanations for their price increases, but "fact-specific questions cannot be resolved on the pleadings" and "[t]he choice between two plausible inferences that may be drawn from factual allegations is not to be made by the court on a Rule 12(b)(6) motion." *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012). Defendants are unable to establish "substantial grounds" for dismissal and their promised motion appears to be "without foundation in law." *In re Currency Conversion,* 2002 WL 88278, at *1. Defendants' "description of their promised motion shows that they do not intend to challenge the antitrust . . . claims on pure questions of law, but simply on the sufficiency of the facts alleged to support the claims." *Id.* at *2. "Thus, the type of motion defendants plan to interpose to the amended consolidated complaint does not militate in favor of a stay." *Id.*; *see also* 6 Moore's *Federal Practice,* § 26-105[3][c] (Matthew Bender 3d ed.) (factors relevant to stay application include "whether it is a challenge as a matter of law or to the sufficiency of the allegations").

2. ***Proceeding with limited discovery will not subject defendants to undue burden.***

Defendants assert that responding to plaintiffs' document requests during the pendency of the motions to dismiss will be unduly burdensome. But defendants' contentions that plaintiffs' requests "seek extensive documents related to a wide variety of issues" are "not sufficient to establish that the plaintiff's discovery requests are voluminous and burdensome." *Mirra v. Jordan*, No. 15-CV-4100 (AT) (KNF), 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016). Plaintiffs delivered their requests before the parties' Rule 26(f) conference, as permitted under Rule 26(d)(2), and invited defendants to use the Rule 26(f) conference to address any particular

---

[2] *See, e.g.*, 16-mc-7229, End Payor Am. Compl. at ¶¶ 37-46, 109; Direct Purchaser Am. Compl. at ¶ 5.
[3] *See, e.g.*, 16-mc-7987, End Payor Am. Compl. at ¶¶ 40-45; Direct Purchaser Am. Compl. at ¶ 67.
[4] *See, e.g.*, 16-mc-8911, End Payor Am. Compl. at ¶¶ 51-54; Direct Purchaser Am. Compl. at ¶¶ 93-102.
[5] *See, e.g.*, 16-mc-7229, End Payor Am. Compl. at ¶¶ 110-113; Direct Purchaser Am. Compl. at ¶¶ 120-121.
[6] *See, e.g.*, 16-mc-7229, End Payor Am. Compl. at ¶¶ 41-42; Direct Purchaser Am. Compl. at ¶¶ 65-75.

areas of concern. Defendants declined. Similarly, in the interest of avoiding the need for the present motion to stay, plaintiffs proposed that defendants prioritize production of certain categories of documents. Defendants declined that proposal as well. Plaintiffs respectfully submit that defendants' insistence on moving for a complete stay has more to do with delaying the production of damaging discovery than mitigating discovery burdens. Such tactical attempts to delay cannot serve as the basis for a showing of good cause. *See, e.g., Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (an "overly lenient standard for granting motions to stay all discovery is likely to result in unnecessary discovery delay in many cases").

### 3. *Plaintiffs will be prejudiced by a stay of discovery.*

The Court has directed the parties to file pre-motion conference letters on defendants' motions to dismiss in early March, and has scheduled a conference on the motions to dismiss for March 21. ECF No. 1. No briefing schedule is yet in place, and the motions are unlikely to be fully briefed until well into the summer. The Court will need time to decide the motions. A stay of discovery pending resolution of the motions to dismiss will therefore delay discovery by many months. *Cf. Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09 CV 5874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (granting stay where delay would be "a few months" and not "many months"). Commencing discovery now, by contrast, "will advance the ultimate disposition of this action." *Moran v. Flaherty*, No. 92 CIV. 3200 (PKL), 1992 WL 276913, at *2 (S.D.N.Y. Sept. 25, 1992).

### 4. *Defendants' cases are inapposite.*

Defendants' letter states that "at least seven other Judges in this District have recently granted stays in similar situations." The cases defendants rely on are distinguishable. *In re Commodity Exch., Inc., Gold Futures & Options Trading Litig.*, No. 14-md-2548 (S.D.N.Y.), ECF Nos. 12, 22 (court found undue burden where discovery sought included depositions of foreign entities and implicated complex international privilege, data protection, and privacy laws); *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11-md-2262 (S.D.N.Y.), ECF No. 282 at 4-5, ECF No. 698 (DOJ objected to plaintiffs' discovery request that would have "inhibit[ed] the fullest response to government requests for information."); *7 W. 57th St. Realty Co. v. Citigroup, Inc.*, No. 13-cv-0981 (S.D.N.Y.), ECF No. 107 (plaintiff never pressed for discovery prior to motion to dismiss ruling, nor objected to schedule setting discovery thereafter); *Laydon v. Mizuho Bank, Ltd.*, No. 12-cv-3419 (S.D.N.Y.), ECF No. 362 (motion to dismiss in question was for lack of personal jurisdiction, and stay was extended on DOJ motion to intervene); *In re Foreign Exch. Benchmark Rates Antitrust Litig.*, No. 13-cv-7789 (S.D.N.Y.), ECF No. 152 (court found undue burden where discovery sought documents provided by 23 entities to regulators around the world); *In re Credit Default Swaps Antitrust Litig.*, No. 13-md-2476 (S.D.N.Y.), ECF Nos. 244, 284 (pre-motion-to-dismiss discovery denied where the judge had already ordered other measures could be taken to begin the pre-discovery process); *In re N. Sea Brent Crude Oil Futures Litig.*, No. 13-md-2475 (S.D.N.Y.) ECF No. 123 (denying request for all documents provided to regulators).

For the foregoing reasons, plaintiffs respectfully request that the Court deny defendants' request for a pre-motion conference and allow the parties to proceed with document and written discovery until further order of the Court.

To:     Honorable William H. Pauley, III
Re:     *In re: Topical Corticosteroid Antitrust Litigation*
February 17, 2017
Page 4


Respectfully submitted,

| **GIRARD GIBBS LLP** | **KAPLAN FOX & KILSHEIMER LLP** |
|---|---|
| /s/ Daniel C. Girard | /s/ Robert N. Kaplan |
| Daniel C. Girard | Robert N. Kaplan |
| Dena C. Sharp | Richard J. Kilsheimer |
| 601 California Street, 14th Floor | Jeffrey P. Campisi |
| San Francisco, CA 94108 | Joshua Saltzman |
| Phone: (415) 981-4800 | 850 Third Avenue, 14th Floor |
| Fax: (415) 981-4846 | New York, NY 10022 |
| dcg@girardgibbs.com | Phone: (212) 687-1980 |
| chc@girardgibbs.com | Fax: (212) 687-7714 |
|  | rkaplan@kaplanfox.com |
| *Interim Lead Counsel for End Payor Plaintiffs* | rkilsheimer@kaplanfox.com |
|  | jcampisi@kaplanfox.com |
|  | jsaltzman@kaplanfox.com |
|  | |
|  | *Counsel for FWK Holdings, L.L.C.* |


### ATTESTATION STATEMENT

I, Daniel C. Girard, am the ECF User whose identification and password are being used to file this Letter Response and pursuant to Southern District of New York's ECF Rules & Instructions 8.5(b), I attest under penalty of perjury that concurrence in this filing has been obtained from counsel.

*/s/ Daniel C. Girard*
Daniel C. Girard